(No. 12108.—Decree affirmed.)

THE SHREDDED WHEAT COMPANY, Appellant, *vs.* THE CITY OF ELGIN, Appellee.

*Opinion filed June 20, 1918—Rehearing denied October 3, 1918.*

ORDINANCES—*validity of ordinance cannot be questioned by bill to enjoin threatened prosecution to enforce it.* Courts of equity will not interfere to restrain a threatened criminal or *quasi* criminal prosecution on the ground that the statute or ordinance on which it is based is invalid, except to prevent irreparable injury or a multiplicity of suits, and when the former exception is relied upon as authorizing relief, facts must be alleged that will justify such conclusion.

APPEAL from the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding.

Moss & Schmidt, (Royal J. Schmidt, of counsel,) for appellant.

Eugene Clifford, Corporation Counsel, and Lawrence McNerney, City Attorney, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

The Shredded Wheat Company filed a bill in the circuit court of Kane county to enjoin the city of Elgin from enforcing against it the provisions of an ordinance which imposed a penalty upon any person carrying and distributing or posting hand-bills, samples, posters or other advertising without a license. The court sustained a demurrer to the bill and dismissed it for want of equity, and the complainant appealed.

It appears from the bill that the complainant is a corporation of the State of New York, engaged in manufacturing and selling an article of food known by the trade name of "shredded wheat biscuit," which it manufactures in the city of Niagara Falls, in the State of New York, and sells throughout the United States and in foreign countries only in original sealed packages to wholesalers or jobbers and not to retailers or consumers. A part of its method of advertising is, and has long been, to distribute samples of its product, and printed matter describing and advertising it, to residents and householders in the State of Illinois and other States. The city of Elgin adopted the ordinance in question, which declared it to be unlawful to distribute or post, or carry for the purpose of distributing or displaying, any hand-bill or advertisement within the city of Elgin without a license to do so. For advertising certain entertainments, exhibitions and games no fee is required. For advertising certain other entertainments a fee of five dollars a day for each person employed is required. For carrying and distributing or posting any hand-bills, samples, posters or other advertising not provided for in the two

classes mentioned, two dollars a day for each person employed is required.  The penalty for each violation of the ordinance is a fine of not less than one dollar nor more than $150.  The bill avers that the complainant is about to engage in the distribution of its samples and advertising matter to residents and householders throughout the city of Elgin, and that the officers of the city have demanded that each of the complainant's employees engaged in such distribution shall pay a license fee of two dollars a day, and have threatened to arrest such employees if the fee is not paid, and to prevent the complainant from distributing its samples and advertising matter.  It is averred that the fee provided by the ordinance constitutes a tax for the purpose of revenue on the complainant for carrying on its business in the city of Elgin; that in the distribution of its samples and advertising matter it is engaged in commerce between the States, and that the ordinance constitutes a restriction of commerce between the States, deprives the complainant of a right, privilege and immunity guaranteed by the constitution of the United States, and is therefore illegal and void; that it deprives the complainant of the equal protection of the laws as guaranteed by the fourteenth amendment to the constitution of the United States, and if the complainant is prevented from distributing its samples and advertising matter it will suffer great and irreparable injury, the damage for which will be difficult and almost impossible of computation and for which the complainant has no remedy in any court of law.

,The object of the bill is to have the ordinance declared unconstitutional so far as the complainant is concerned, and, in advance of any prosecution by the city or any violation by the complainant, to procure an adjudication that the complainant may disregard the ordinance.  It is not denied that the subject matter is within the city's legislative power, and it is well settled that courts of equity will not interfere to restrain a criminal or *quasi* criminal prosecu-

tion on the ground that the statute or ordinance on which it is based is invalid.) (*Poyer* v. *Village of DesPlaines,* 123 Ill. 111; *City of Chicago* v. *Chicago City Railway Co.* 222 id. 560; *Kearney* v. *City of Canton,* 273 id. 507.) It is stated in the first case cited that there are two exceptions to this rule: First, to prevent irreparable injury; second, to prevent a multiplicity of suits. The appellant expressly disclaims the latter ground of jurisdiction. As to the former, the bill does aver that if the complainant is prevented from distributing its samples and advertising matter it will sustain irreparable injury, but no facts are averred justifying that conclusion. The defendant is not engaged in business in the city of Elgin. It does not intend to engage in business there. There is no allegation that it sells to any wholesaler or jobber there. Its business of selling to wholesalers or jobbers, either there or elsewhere, will only be indirectly affected if it never advertises in the city of Elgin. No method of enforcing the ordinance exists but a prosecution to recover the penalty for its violation, and there is no reason why the validity of the ordinance may not be determined by a court of law in such a prosecution. If it is invalid the prosecution will fail and the complainant will not be injured, and if it is valid there is no ground upon which its enforcement should be enjoined.)

In *Yates* v. *Village* of *Batavia,* 79 Ill. 500, suits had been brought against various persons for violations of an ordinance to provide against the evils resulting from the sale of intoxicating liquors. The defendants filed a bill to enjoin the prosecution of the suits and settle the legality of the ordinance, but it was held that a court of equity had no jurisdiction of the subject matter, that the question of jurisdiction could not be waived, and that the complainants should be left to their defense in a court of law.

The demurrer to the bill was properly sustained, and the decree of the circuit court will be affirmed.

*Decree affirmed.*