.THORNTON NEWSUM *et al. v.* INTERSTATE REALTY Co. *et al.**

(*Nashville.* December Term, 1925.)

1. **INTERPLEADER. Not maintainable where amount of obligation is in dispute.**

Where two brokers are claiming commissions for sale of land independently of each other, so that the amount of the obligation is in dispute, and a double liability is legally possible, a bill by owners of land, interpleading both claimants, will not lie. (*Post, pp.* 303, 304.)

Cases cited and approved: Maxwell v. Frazier, 52 Or., 183; Sachsel v. Farrar, 35 Ill. App., 277; Hoyt v. Gouge, 125 Iowa, 603.

2. **ACTION. Court's discretion under Declaratory Judgments Act should be exercised with caution.**

Under Declaratory Judgments Act, courts have a very wide discretion, which should be exercised with utmost caution, and a declaration may properly be refused if judicial investigation of disputed facts is first necessary. (*Post, pp.* 304, 305.)

3. **ACTION. Owner of land not entitled to proceed under Declaratory Judgments Act, where two brokers claiming commissions.**

Where two brokers were claiming commissions, owner *held* not entitled to proceed under Declaratory Judgments Act where the exhibited contracts did not determine rights of either broker, and did not show facts upon which legal relations of owner to the brokers rested, so as to afford basis for declaration by court of respective rights of parties. (*Post, pp.* 304, 305.)

4. **EQUITY. Bill joining two defendants, whose claims are independent, demurrable as multifarious.**

---

*On right to interpleader where an independent contractual relation exists, see note in 10 L. R. A. (N. S.), 758.

On declaration of rights or declaratory judgments, see note 12 A. L. R., 72.

Newsum v. Interstate Realty Co.

A bill under Declaratory Judgments Act, joining two defendants, whose claims are separate and independent, either being capable of determination without the other before the court, is demurrable on grounds of multifariousness. (*Post, p.* 305.)

*Headnote 1. Interpleader, 33 C. J., Sections 21, 22; 2. Actions, 1 C. J., Section 68; 3. Actions, 1 C. J., Section 68; 4. Equity, 21 C. J., Section 444.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— HON. ISRAEL H. PERES, Chancellor.

CARY & VORDER-BRUEGGE, for appellants.

A. B. KNIPMEYER, METCALF & METCALF, and JOHN W. APPERSON, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainants, owning certain valuable real estate, placed it for sale with more than one agency. The two defendants both claiming commissions on the sale, this bill was filed as a bill of interpleader, or in the nature of a bill of interpleader, and, in the alternative, as a proceeding under the Declaratory Judgments Act of 1923, chapter 29.

It is an essential of an interpleader bill, or of a bill of this nature, that the complainant be liable to one only of the parties defendant, never by any possibility to both.

The amount or value of the obligation must not be in dispute, but the identity of the lawfully entitled claimant only. As expressed by Mr. Gibson:

"This thing, debt, or duty, must be specific and definite and the holder thereof must have no title, claim, or interest in or to it." Suits in Chancery, section 1110.

And, as well said: "The office of an interpleading suit is not to protect the parties against a *double liability,* but against double vexation on account of *one liability.*" 15 R. C. L. section 3, p. 222, notes 14 and 15.

The last quotation aptly applies here, and the rule thus announced is conclusive, for here the defendant parties each claim independently of the other, and the rights of neither are dependent upon the rights of the other. As aptly suggested by the learned chancellor, the defendants are each claiming *a* commission, not *the* commission, for making the sale. No *specific* fund is at stake. A double liability being legally possible, the complainant is not in that disinterested attitude which is essential. Cases cited by counsel are in point. *Maxwell* v. *Frazier,* 52 Or., 183, 96 P., 548, 18 L. R. A. (N. S.), 102; *Sachset* v. *Farrar,* 35 Ill. App., 277; *Hoyt* v. *Gauge,* 125 Iowa, 603, 101 N. W., 464.

Nor may this suit be maintained under the Declaratory Judgments Act. A construction by this court of the exhibited contract, shown to have been made through defendants Thompson and Metcalf with the purchaser, did not determine the rights of either of the defendants to commissions claimed by them. Nor does the bill show the facts upon which rest the legal relations of complainant to both or either of the defendants in such form as to afford a basis for a declaration by the court of the

respective rights of the parties among themselves. Neither written agreements, nor the terms of existing or claimed verbal contracts of agency, are presented by the bill.

A declaratory judgment is essentially one of construction. It is apparent from the history of the legislation providing for this procedure, as well as from the recitals of the Uniform Declaratory 'Judgments Act itself, that its primal purpose is the construction of definitely stated rights, *status,* and other legal relations, commonly expressed in written instruments, although not confined thereto, and, while determination of an issue of fact is authorized by section 9 of the act, the settlement of dis- puted facts at issue between the parties will ordinarily be relegated to the proper jurisdictional forums other- wise provided. Recognizing that the courts have a very wide discretion under these acts, which should be exer- cised with the utmost caution, it has been said by good authority that "a declaration may properly be refused if it can be made only after a judicial investigation of dis- puted facts." Freeman on Judgments, vol. 3 (5th Ed.), section 1356, and see 12 A. L. R. 72.

Moreover, it is apparent that there is a joinder of two parties defendant whose claims are separate and inde- pendent, either capable of being determined without the other before the court, and the demurrer on the ground of multifariousness must be sustained. Proceedings under the Declaratory Judgments Act are governed by applicable established rules of pleading.

The decree of the chancellor dismissing the bill must be affirmed.