ZEIGLER v. PICKETT, Co. and Pros. Atty.

(No. 1823; Sept. 29, 1933; 25 Pac. (2d) 391)

284

For the plaintiff there was a brief by C. R. Ellery and Bard Ferrall, of Cheyenne, Wyoming, and oral arguments by Mr. Ellery and Mr. Ferrall.

For the defendant there was a brief by Ray E. Lee, Attorney General, O. O. Natwick, Deputy Attorney General and W. C. Snow, Assistant Attorney General, and oral argument by O. O. Natwick.

C. R. Ellery and Bard Ferrall in reply.

Ray E. Lee, Attorney General, O. O. Natwick, Deputy Attorney General and W. C. Snow, Assistant Attorney General by supplementary brief.

KIMBALL, Chief Justice.

This is an action under the declaratory judgment act (§§ 89-2401 to 89-2416, R. S. 1931), and is here under section 89-5001 on a reserved question as to the constitutionality of a portion of an act passed by the last legislature.

The act (Ch. 92, Laws of 1933) is entitled: "AN ACT prohibiting the manufacture, possession, sale, transportation for sale or keeping for sale of intoxicating liquors for beverage purposes within the State of Wyoming, providing a penalty therefor, and defining intoxicating liquors."

Sections one and two are as follows:

Sec. 1. "The manufacture, possession, transportation, importation or exportation or keeping for sale, or sale of intoxicating liquor for beverage purposes within the State of Wyoming is prohibited."

Sec. 2. "The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin or any other spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing more than 4.00 per centum of alcohol by volume which are fit for use for beverage purposes; Provided, that the foregoing definition shall not extend to de-alcoholized wine nor to any beverage or liquor produced by the process by which beer, ale, porter or wine is produced, if it contains not to exceed 4.00 per centum of alcohol by volume."

Section 3 provides that cities and towns may regulate or prohibit the sale of "beverages permitted by this act to be sold." Certain owners or keepers of hotels, restaurants, breweries and grocery stores may obtain licenses to sell the beverages, but only keepers of hotels and restaurants may be authorized to permit the beverages to be consumed on the premises.

Section 4 prescribes minimum license fees, and forbids sales except under license.

Section 5 provides for licenses by boards of county commissioners authorizing sales outside of cities and towns. Such licenses are to be issued only to freeholders of good moral character, and may be revoked by the board for any act of the licensee which may seem to the board "to be incompatible with the aim and purpose of this act, namely: to promote true temperance." No license under this section shall be issued for sales in any building where public dancing is permitted, nor to any person interested in a dance hall conducted in con-

nection with the place where the sales are to be made.

Section 6 provides that:

"No person selling beverages under this Act shall advertise in any manner, shape or form that such beverages are kept or sold by him, or sell, barter, give away, or in any manner dispose of by himself or any person in his behalf or in behalf of another or permit to be sold, bartered or given away or in any manner disposed of to any person under the age of twenty-one years any beverages permitted to be sold by this Act."

Section 7 provides for the disposition of license fees. Section 8 exempts physicians and others from the operation of the act. Section 9 prescribes the penalties for violating the provisions of the act.

The petition shows that plaintiff, as the owner and keeper of a grocery store in Cheyenne, has obtained and is the lawful holder of a license under which he is authorized to sell, and is selling, the non-intoxicating beverages referred to in section 2 of the above act. He alleges that he is and will be unable to conduct the sales of such beverages with efficiency and profit unless he is permitted to advertise that the beverages are kept and sold by him. He then alleges that the first clause of section 6 which forbids advertising, is void because it is in contravention of the provisions of section 24, article 3 of the state constitution. It is then alleged that the defendant, county and prosecuting attorney, asserts that said void provision of the law is valid, and threatens to prosecute plaintiff if he advertises he has such beverages for sale, and thereby makes it impossible for plaintiff to conduct his licensed business with efficiency and profit. Plaintiff prays for a declaration that the challenged provision of the act is unconstitutional and void.

The answer admits the allegations of fact contained in the petition; denies that the challenged part of the act is unconstitutional, and prays that it be declared valid and binding upon plaintiff.

The invoked constitutional provision (24, Art. 3) is that:

"No bill, except general appropriation bills and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject is embraced in any act which is not expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The sole question is whether or not the first clause of section 6 that "no person selling beverages under this act shall advertise in any manner, shape or form that such beverages are kept or sold by him," is a provision clearly expressed in the title of the act. It is not contended that the act contains anything that could not properly have been enacted into law by one bill with a proper title. Plaintiff's argument, briefly stated, is that the forbidding of advertising is a regulation of sales of non-intoxicating beverages, and is not expressed in the title which is restrictive and indicates that the act deals only with the prohibiting and defining of intoxicating liquors.

The attorney general argues that the purpose of "prohibiting," as expressed in the title of the act, includes the regulating and controlling of sales of those beverages which are declared to be non-intoxicating. It is suggested that if the attacked part of the act is void on the ground stated in the reserved question, all the regulations of sections 3 to 7 of the act may be void on the same ground. The attorney general contends also that plaintiff, who is a seller of the non-intoxicating beverages under a license authorized by a part of the regulations

contained in the act, is not in a position to claim that another regulation is void because the title does not express the purpose of regulating.

In our consideration of these contentions and of the effect that a decision of the reserved question will have on the rights of the parties and others affected by the act, we have come to the conclusion that the question ought not to be decided in this action.

We may say in passing that the allegation of the petition, that the licensed business cannot be conducted with profit without advertising, if material, cannot be taken as established by the admissions of the answer. Both pleadings were filed on the day the act took effect, and what was alleged as a fact was a supposition or prediction. The determination of the constitutionality of a public statute should not be based on admissions of doubtful allegations in the pleadings of the parties to an action. See Davidson v. Patnaude, 145 Minn. 371, 373, 177 N. W. 495, and cases cited.

The declaratory judgment act provides that "the court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." § 89-2406, R. S. 1931. This section evidently means that a declaration may be refused unless it appears that a decision, whichever way it may go, will terminate the uncertainty or controversy. See Lewis v. Green (1905) 2 Ch. 340.

What the parties in the case at bar really want to know is whether or not plaintiff, as a licensee under the act, can advertise and sell the non-intoxicating beverages and be exempt from prosecution for advertising. They submit, however, only the one question as stated above. If we answer that the pro-

vision forbidding advertising is expressed in the title of the act, it would still be open to the plaintiff, or to others similarly situated, to contend that the regulation is void on some ground not now pressed. See, State v. Salt Lake Tribune Co., 68 Utah 187, 249 Pac. 474; 48 A. L. R. 553; Little v. Smith, 124 Kan. 237, 257 Pac. 959, 57 A. L. R. 100.

If we answer that the provision forbidding advertising is not expressed in the title of the act, plaintiff's rights as a licensee would still be uncertain.

The bill for the act in question was senate file 69 which, when introduced, contained but three sections—section 1, prohibiting the manufacture etc. of intoxicating liquors; section 2, defining intoxicating liquors, and section 3, prescribing penalties. At that time the legislative definition of intoxicating liquors included beverages containing one-half of one per cent. or more of alcohol by volume. § 59-102, R. S. 1931. Section 2 of the bill (now section 2 of the approved act) made an important change in this definition. The bill, as introduced, contained no provisions for the regulation of sales of the beverages affected by this change. The legislature evidently thought that, if this new definition was to be adopted, sales of the affected beverages should be regulated, and for that purpose amended the bill by inserting sections 3, 4, 5, 6 and 7, and passed the bill as amended, without amending the title. See Senate Journal, 1933, pp. 347, 377, 561.

While, in this proceeding we are not asked and should not assume authority to pass on the validity of any portion of the act that is not now questioned, it must be apparent that a decision that the provision forbidding advertising is void for the reason advanced, would raise a doubt as to the validity of all the regulations contained in sections 3 to 7 of the

act. If the regulatory provisions of those sections are void, because not expressed in the title of the act, it might with reason be contended that the definition contained in section 2 must fall, on the ground that the legislature would not have made the definition without the regulations.

Under section 89-2406, *supra,* the court in the exercise of judicial discretion may refuse to enter a declaratory judgment that would not terminate the uncertainty giving rise to the proceeding. Here the constitutionality of one clause of a public statute is in question. A declaratory judgment on the issue presented would not only leave the rights of the parties uncertain, but also create uncertainty on questions in which many others are interested and which cannot now be decided. In these circumstances we think a proper exercise of judicial discretion requires the refusal to render a declaratory judgment, and the reserved question need not be answered.

The case will be remanded for further proceedings consistent with this opinion.

BLUME and RINER, J. J., concur.