## ZENIE BROS. v. MISKEND et al.

District Court, S. D. New York.
April 10, 1935.

Edward J. Leon, of New York City (William S. Gluck and Leon H. Amdur, both of New York City, of counsel), for plaintiffs.

Mock & Blum, of New York City, for defendants.

PATTERSON, District Judge.

The plaintiffs brought a bill with two counts, the first for declaratory judgment, the second for injunction against unfair competition. The motion is to dismiss the bill as insufficient on its face.

The plaintiffs, according to the bill, are partners, one residing in New York and the other in New Jersey; the defendant Miskend resides in New York, and the defendant Lande & Miskend, Inc., is a corporation organized under the laws of New York. The substance of the bill is that letters patent were recently issued to Miskend, covering a seam for garments and the method of making the seam; that Lande & Miskend, Inc., is the exclusive licensee of Miskend; that in truth the seam is very old, having been known to and used by the plaintiffs and numerous others for many years; that the plaintiffs are competitors of the defendants and manufacture garments using the seam; that the defendants, with knowledge that the patent is void, are threatening the plaintiffs and their customers with suits for infringement, the threats being such as to cause irreparable damage to the plaintiffs. The relief asked for includes a judgment declaring that the plaintiffs have the right to use the seam free from molestation by the defendants and declaring that the defendants' patent is invalid; also an injunction against asserting that the patent has been infringed and recovery of damages sustained by the plaintiffs.

■ On the count for unfair competition, the defendants' motion is well taken. There is no diversity of citizenship, one of the plaintiffs being a citizen of the same state as the defendants. Strawbridge et al. v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435. The cause of action for unfair competition is pleaded as a separate and distinct one. There is then no jurisdiction in a federal court to try the issue of unfair competition, whatever the sufficiency of the other cause of action. Hurn v. Oursler, 289 U. S. 238, 248, 53 S. Ct. 586, 77 L. Ed. 1148. This leaves for consideration the adequacy of the count for declaratory judgment.

■ The Declaratory Judgment Act was passed by Congress in the Act of June 14, 1934 (Judicial Code, § 274d, 28 USCA § 400). It reads:

"(1) In cases of actual controversy the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

1. The defendants say that the act is unconstitutional, that a suit for declaratory judgment is not a "case" or "controversy" within the judicial power of the constitutional courts as defined in article 3, § 2 of the Constitution. The decision in Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, 288 U. S. 249, 53 S. Ct. 345, 77 L. Ed. 730, 87 A. L. R. 1191, is an answer. It was there held that in a case presenting questions under the Constitution of the United States, the Supreme Court had power to review a declaratory judgment of a state court so long as the essentials of an adversary proceeding, actual controversy, and finality of judgment were present. The dicta in earlier cases relied on here by the defendants (Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed. 541; Willing v. Chicago Auditorium Ass'n; 277 U. S. 274, 48 S. Ct. 507, 72 L. Ed. 880) were explained and limited. True, the court remarked more recently in Alabama v. Arizona, 291 U. S. 286, 291, 54 S. Ct. 399, 401, 78 L. Ed. 798, that it "may not be called on to give advisory opinions or to pronounce declaratory judgments"; but the statement, so far as declaratory judgments are concerned, doubtless referred not to want of constitutional authority, but to want of statutory authority, a want which has now been supplied. The Nashville Case must, I think, be deemed determinative that the judicial power is broad enough to cover suits for declaratory judgment "in cases of actual controversy."

If further support of the constitutionality of the act is sought, the fact is impressive that 19 state courts have unanimously held similar statutes valid. See

Borchard on Declaratory Judgments, p. 249, note. Nor can the fact be ignored that for centuries courts of equity have been issuing decrees that are no more than declaratory, as in suits to remove cloud on title and in suits to declare the nullity of a void marriage, Id., c. 3. The declaratory judgment, though at times classed with the advisory opinion and the moot case, does not resemble them. A proceeding for declaratory judgment is justiciable because it presents a controversy which is in existence between parties arrayed against one another, and which is capable of binding determination. These characteristics are not found in advisory opinions and moot cases.

■ 2. The other branch of the argument is that the act, if constitutional, does not for several reasons cover the present case, one to declare a patent invalid for want of invention.

That the act is applicable only to cases or controversies which the federal courts are empowered to hear is beyond question. The controversy wherein rights or relations are to be declared must be one which by reason of subject-matter or by reason of parties is within the jurisdictional limits, both constitutional and statutory, of the United States courts. Mississippi Power & Light Co. v. City of Jackson, 9 F. Supp. 564, 570 (D. C. Miss.). The instant case is plainly within those limits. The District Court has original jurisdiction of "all suits at law or in equity arising under the patent, the copyright, and the trade-mark laws." Judicial Code, § 24 (7), 28 USCA § 41 (7). A suit to have a patent declared invalid for want of invention is one arising under the patent laws, as plainly as the ordinary suit for infringement. The validity of the patent is the immediate as well as the ultimate issue in the case. The declaration sought by the plaintiff is the same as the decree that the court makes in suits for infringement when the issue of validity of the patent is decided in favor of the defendant.

In Mowry v. Whitney, 14 Wall. 434, 20 L. Ed. 858, Mowry brought suit to have Whitney's patent canceled because of the latter's fraudulent statement in obtaining it. The suit was dismissed. The dismissal was not on the jurisdictional ground that the case was not one arising under the patent laws; it plainly was such a case. Dismissal was on the ground that a bill to cancel a patent for fraud could be maintained only by the United States.

It is evident that the present case comes within the general scope of the act. There is an "actual controversy" between the parties relative to the defendants' patent and the plaintiffs' violation of it. The plaintiffs are "interested" parties; if the patent is valid, their business is ruined. They seek a declaration of their right to continue their business despite the issuance of a patent to the defendants. This is a "right" or "legal relation" that the court has power to declare.

■ It is said that a suit by a private party who has no patent himself to declare a competitor's patent void is without precedent. The charge is true. Heretofore the actions arising under the patent laws and cognizable in the federal courts have been suits in equity to obtain a patent (35 USCA § 63), suits in equity to cancel an interfering patent (section 66), actions at law for damages by infringement (section 67), suits in equity for injunction and other relief because of infringement (section 70), and suits in equity by the United States to cancel a patent for fraud (United States v. American Bell Telephone Co., 167 U. S. 224, 17 S. Ct. 809, 42 L. Ed. 144). But the Declaratory Judgment Act was passed with the purpose of affording relief in cases that could not be tried under existing forms of procedure. It is a remedial statute and should be construed and applied liberally. Certainly there is nothing in the act that indicates a purpose by Congress to exclude patent controversies altogether from its operation.

■ It is argued further that the plaintiffs are making the same showing of invalidity that they would make in defense of a suit for infringement brought against them by the defendants; that consequently all that they want declared is that they would have a good defense if they should be sued by the defendants for infringement. North Eastern Marine Engineering Co. v. Leeds Forge Co., [1906] 1 Ch. 324, affirmed [1906] 2 Ch. 498, is referred to as an authority that suit for declaratory judgment does not lie in such a case. There is a measure of truth in the statement that the plaintiffs are making a showing of invalidity like that generally made in defense of suit for infringement. Yet it does not follow that their only purpose is to obtain in advance a ruling that they will have a good defense if sued later for infringement. Their interest in the controversy is much more practical. Under the facts pleaded, the defendants are threat-

ening their customers with suits for infringement of a worthless patent and are disrupting their business. In the North Eastern Case, supra, the defendant's patent had expired, the question was limited to infringement in the past, and it was true that the plaintiff wanted only an adjudication that the defendant had no cause of action. The plaintiff's present and future business with customers was not involved in the controversy.

 It is said, finally, that suit for declaratory judgment will not lie because the plaintiffs have other remedies at hand. Where more effective relief may be obtained by other proceedings, and consequently a declaratory judgment would not serve a useful purpose, the courts are justified in refusing a declaration. Borchard on Declaratory Judgments, pp. 109, 110. There is undoubtedly a discretion in the courts in reference to entertaining suit for declaratory judgment. The statute does not command action in all cases; it provides that the courts "shall have power" to declare rights and relations.

Suit for unfair competition is not as effective a remedy. The plaintiffs could get relief only if they could prove that the defendants' threats were made without intent to follow them up with infringement suits. The fundamental rights of the parties could not be decided. Emack v. Kane, 34 F. 46 (C. C. Ill.); Adriance, Platt & Co. v. National Harrow Co., 121 F. 827 (C. C. A. 2); Racine Paper Goods Co. v. Dittgen, 171 F. 631 (C. C. A. 7).

Another suggested remedy is to petition the Attorney General to bring suit in behalf of the United States to revoke the patent for fraud. It is manifest that such procedure is not an effective remedy. In the first place, the remedy is not that of the plaintiffs, but of the United States, and there are no means whereby the plaintiffs could compel institution of suit. In the second place, the only issue in suit by the United States to cancel a patent is the narrow one of the patentee's fraud. The invalidity of the patent for want of invention cannot be tried. United States v. American Bell Telephone Co., supra.

The defendants' fears that patentees will be harassed by actions for declaratory judgment on the part of those who may or may not be infringers have not been overlooked. The fact remains, however, that the bill here presents a meritorious case for judicial determination of the rights of the parties. If cases of this sort become a nuisance, the remedy will be for Congress to restrict the operation of the act.

The motion to dismiss will be granted as to the count for unfair competition and denied as to declaratory judgment.