## AUTOMOTIVE EQUIPMENT, Inc., v. TRICO PRODUCTS CORPORATION.

### No. 1965.

District Court, W. D. New York.

May 23, 1935.

See, also, 10 F. Supp. 736.

Harold I. Popp, of Buffalo, N. Y., and Dean, Fairbank, Hirsch & Foster and Franklin J. Foster, all of New York City, for petitioner.

Bean, Brooks, Buckley & Bean, Edwin T. Bean, and Richard W. Treverton, all of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

The petitioner herein moves to restrain certain customer suits brought by the respondent, and the respondent moves to dismiss petitioner's petition for declaratory judgment. Petitioner is the manufacturer of suction operated windshield wipers for use on automobiles under the trade-mark "Motocrat." Respondent manufactures a suction operated windshield wiper utilized for the same purpose under the trade-mark "Trico," and claims title to various patents covering such wiper.

On February 8, 1935, petitioner herein filed in the Southern District of New York a petition for a declaratory judgment under the provisions of the Federal Declaratory Judgment Act, enacted June 14, 1934, being section 274d of the Judicial Code, 28 USC § 400 (28 USCA § 400). The question of jurisdiction was raised by this respondent, and the petition was dismissed for lack of jurisdiction. 10 F. Supp. 736. On March 5, 1935, Trico Products Corporation, Inc., filed patent infringement suits against the Montgomery Ward & Co., Inc. and against the Western Auto Supply Company in this Western District of New York. On April 2, 1935, the petition herein for declaratory judgment was filed in this district.

Much has been said in the briefs herein relative to communications and transactions between the parties hereto in the attempt on the part of each to charge and show bad faith. As the court views these charges, they do not have any effect on the decision at which it arrives.

In effect, the petition for a declaratory judgment asks a judgment declaring that petitioner's windshield wipers and motors do not infringe certain patents of the respondent. The first question to be determined is whether this court has jurisdiction in a proceeding for a declaratory judgment where the validity of patents is sought to be declared. The Declaratory Judgment Act (Jud. Code § 274d, 28 USCA § 400) provides: "In cases of actual controversy the courts of the United States shall have power upon petition * * * to declare rights. * * *" The federal District Court has jurisdiction of "all suits at law or in equity arising under the patent, the copyright, and the trade-mark laws." Judicial Code § 24 (7), 28 USC § 41 (7), 28 USCA § 41(7). As pointed out by Judge Patterson in Zenie Bros. v. Herbert L. Miskend et al. (D. C.) 10 F. Supp. 779 (a suit for declaratory judgment), there are five specific actions arising under the patent laws cognizable in the federal courts. With the exception of suits in equity brought by the United States to cancel a patent, all of such actions are statutory. 35 USC §§ 63, 66, 67, and 70 (35 USCA §§ 63, 66, 67, 70). Patent suits are not excepted in the Declaratory Judgment Act. There appears to be no sufficient reason why such an exception should be made. It seems to me that this court has jurisdiction under the Declaratory Judgment Act in a suit involving rights to a patent or patents.

It is difficult to define precisely the full purposes served or intended by the Declaratory Judgment Act. An actual controversy must exist. The act is not exclusive. It affords an alternative remedy. It provides a remedy in certain controversies where no other is available. Borchard on Declaratory Judgments, p. 147 et seq. In this suit another remedy is available.

The petitioner for declaratory judgment contends that this suit has been pending since the filing of the petition in the Southern District Court. This contention cannot be sustained. The petition filed therein was dismissed. This suit is dependent upon a new petition filed in this district.

294

■ Before the petition in suit was filed, respondent brought actions against sellers of petitioner's windshield wipers on account of alleged infringement of fourteen patents, for an accounting, and for damages arising therefrom. The issues in the infringement suit and the suit for declaratory judgment are the same, except as to the claim for damages. Something is said in the affidavits submitted regarding some claim made by respondent to rights under many patents. The petition for a declaratory judgment contains no such declaration. No actual controversy as to any except fourteen patents is shown or alleged. The same patents are recited in the petition as in the actions for infringement. The prayer in the petition asking that the petitioner have the right to manufacture and sell its product without molestation does not enlarge the issue set forth in the petition.

■ No diversity of citizenship is involved. No claim of unfair competition concededly could be made under the petition for a declaratory judgment. It is likewise true that respondent's claim arising out of unfair competition could not be asserted as a basis for affirmative relief in the actions against the sellers. In any event, however, all the issues available in the Declaratory Judgment Act may be available in the infringement suits. They are available to the petitioner herein, provided it intervenes in these customer actions. Respondent conceded the right of petitioner to intervene. There is little doubt that the court would exercise its discretion in permitting intervention under Equity Rule 37, 28 USCA following section 723. Foote v. Parsons Non-Skid Co. (C. C. A.) 196 F. 951; Wenborne-Karpen Dryer Co. v. Dort Motor Car Co. (D. C.) 300 F. 404. Having intervened, the judgment as to validity or invalidity is binding upon all the parties. While intervention would be "in subordination to, and in recognition of, the propriety of the main proceeding," Rule 37, this exception does not limit the rights of petitioner any more than they are limited in the Declaratory Judgment Act.

■ It has frequently been held to be the law that, where patent suits for infringement against manufacturers and patent suits against customers of the manufacturer are copending, the latter suits ordinarily will be restrained. Maytag Co. v. Meadows Mfg. Co. (C. C. A.) 35 F.(2d) 403. However, this rule of law should not be enforced in favor of a suit for a declaratory judgment as against suits for infringement against customers where all the issues determinable in the former suit are in issue in the latter. The purpose of the enactment of the Declaratory Judgment Act could not have been to replace suits brought pursuant to statutes by the suit for declaratory judgment where the issues in the former include all the issues raised in the latter. Borchard on Declaratory Judgments (p. 180) declares that under such circumstances the first suit pending involving the same issues is preferred. It is also said by this text-writer: "The first court seized of the issues involved, if identical, whether by action for declaratory or other judgment, must be permitted to retain jurisdiction of the case." Page 179. The rule so stated, however, is by no means inflexible.

■ In the Declaratory Judgment Act, no judgment for unfair competition can be declared. It is possible that an injunction may be granted following a judgment. "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper." Section 274d(2), Judicial Code, 28 USC § 400(2), 28 USCA § 400(2). This provision may go to the extent of the issuance of an injunction but not to the extent to permit proof of damages.

In the federal courts the Declaratory Judgment Act is practically untried. Courts of equity have long been decreeing declaratory judgments. This is a proceeding which will grow in adaptation as time passes. It finds its sources of origin centuries ago in the countries of the Old World. In this country we have many special statutes giving the right to maintain suits. Such are the patent statutes to which reference has been made. The field of such rights had seemed to be quite fully covered by statutory authority, together with the right and remedies as construed to be enjoyed under the common law. Procedure for the enforcement of these rights has generally found expression in Codes or in procedure and practices under common-law rules. These factors specially should be borne in mind when we are confronted with the question of subrogation of definite statutory rights of action to this new procedure.

■ The language of the statute is that in cases of actual controversy the courts

of the United States shall have the power upon petition to declare rights, etc. The court has a discretion in the exercise of the power given in a Declaratory Judgment Act. It is a judicial discretion, and must find its basis in good reason. Declaratory Judgments, by Borchard, p. 99.

The reasons heretofore given suffice, in the opinion of the court, to grant a dismissal of the petition under the provisions of the Declaratory Judgment Act. As a sequence, the motion to restrain the customer suits should be, and is, denied.