## COLUMBIAN NAT. LIFE INS. CO. v. FOULKE.

### No. 9286.

District Court, W. D. Missouri, W. D. Jan. 2, 1936.

Harding, Murphy & Tucker, of Kansas City, Mo., for plaintiff.

Wright, Rogers & Margolin, of Kansas City, Mo., for defendant.

OTIS, District Judge.

The petition states a very simple case. The plaintiff, an insurance company, entered into a contract of accident insurance with Edward L. Foulke. While the policy of insurance was in full force and effect, Foulke died. The defendant, Foulke's widow, beneficiary, asserts that Foulke's death was accidental, and claims under the policy. Plaintiff denies the death was accidental and denies liability. Plaintiff prays the court "to declare the rights of the defendant and the obligations of the plaintiff under said policy in accordance with the provisions of section 274d of the Federal Judicial Code," being section 400, title 28, U.S.C. (28 U.S.C.A. § 400 and note).

Defendant has demurred to the petition.

It goes without saying that the petition states no cause of action unless it does so under the Declaratory Judgments Act upon which the plaintiff relies. And it is at once apparent that if that act is to be interpreted as authorizing such a proceeding as this, an amazing, a startling, evolution in procedure has come about. The theory of the petition is that any person against whom a claim under any contract is asserted may sue him who asserts the claim and obtain a declaratory judgment that there is no (or that there is) liability on the contract. Is it possible that the Declaratory Judgments Act is to be so construed?

The act was approved June 14, 1934. The full text of the act is set out in the margin.[1] The essence of the act is in its first sentence: "In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

By the very words of the act declaratory judgments are restricted (1) to "cases of actual controversy," and (2) to a declaration of "rights and other legal relations of any interested party petitioning for such declaration."

■ 1. The phrase, "cases of actual controversy," is not self-illuminating. If the words used are considered by themselves, without regard to light thrown on them from sources outside the text, the phrase might include any possible existing dispute between two persons concerning the present or future legal rights or liabilities of either as to any subject of mutual in-

[1] Sec. 274D. (1) In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not.

terest. There is no doubt, however, that the phrase was used to shield the act from possible attack on constitutional grounds. The jurisdiction of the national courts is restricted by the Constitution to "cases" and controversies. Const. art. 3, § 2. The phrase was used to limit the application of the act to "cases" and "controversies" in the constitutional sense. Perhaps, to be more exact, the phrase was used to limit the application of the act to "controversies" in the constitutional sense, for the phrase is not "cases and controversies," but "cases of" (that is, in instances of) "actual controversy." But the Supreme Court has ruled that the word "cases" includes all that (and more than) is meant by the word "controversies." Muskrat v. United States, 219 U.S. 346, 356, 31 S.Ct. 250, 55 L.Ed. 246.

A declaratory judgment may be had then only in a "case" or "controversy."

There have been opinions of the Supreme Court suggesting (perhaps holding) that a proceeding resulting merely in a declaratory judgment cannot be a "case" or "controversy," but the last word on the subject is to the contrary. Nashville, etc., R. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191. In that case it was ruled that a proceeding in a state court in Tennessee under the Uniform Declaratory Judgments Act of that state to secure a judicial declaration that a state excise tax, as applied to the petitioner, was unconstitutional was a "case" or "controversy." The defendants in the proceeding were the state officials charged with the collection of the questioned tax. The sole relief prayed was that the statute, in so far as it applied to the petitioner, be declared invalid. In the light of this precedent, it cannot be said that a proceeding for a declaration that an insurance company is not liable on an insurance contract to the beneficiary under the contract after the death of the insured during the life of the contract is not a "case" or "controversy."

2. Declaratory judgments under the act also are restricted, as we have seen, to a declaration (a) of "rights * * * of any interested party petitioning for such declaration," or (b) of "other legal relations of any interested party petitioning for such declaration."

The "rights" must be those of the party petitioning for a declaration; they must be "legal rights" (that is indicated by the use of the word "other" in the succeeding phrase, "other legal relations"). Doubtless the word "legal" is not used in a narrow sense (as distinguished from "equitable"), but as referring to rights existing either in law or equity. What is not included by the word will be considered hereinafter.

The phrase "other legal relations" certainly is vague and indefinite.

The "relations" must be those of the petitioner and they must be "legal" relations.

The only dictionary definition of the word "relation" having any relevancy here is that it is "the mode in which one thing stands to another," which, of course, includes the mode in which a person stands to a thing or to another person. The relations of master and servant, creditor and debtor, husband and wife, citizen and state, lessor and lessee, bailor and bailee, owner and thing owned, these are examples of legal relations. But the liability of one to another, as on contract, in tort, as liability to the state for a crime, are these liabilities legal relations? I think they are not.

Consider a simple situation. A makes a note for $100 payable to B in thirty days. With the making of the note a legal relation arises between A and B. The relation is that of maker and payee of a note. The law imposes on A an obligation to pay the note at its maturity. The obligation results from the relation and the law, but it is not a part of the relation. It is a distinct and separate thing.

The legal liability of any person to another never is a part of the legal relation existing between them, although it may result from it under the law if a certain state of facts comes into being.

The terms "rights" and "liabilities" historically are in antithesis. If Congress had intended to provide generally for a declaration of liabilities in the Declaratory Judgments Act, it certainly would have used the word; it would not have buried the intent in so indefinite a phrase as "other legal relations."

For the reason last stated, it also seems clear to me that Congress did not intend to include "liabilities" with the word

"rights" except to the extent that a declaration of a given "right" in one might involve denial of a corresponding right in some other, and to that extent an absence of liability to that other.

The application of these conclusions remains.

What "right" does this plaintiff have to be declared?

The meaning of the contract involved is not in controversy. Its validity is not in controversy. The petition alleges no fact suggesting the inadequacy of ordinary procedure. Defendant will sue the plaintiff. Plaintiff can defend that action.

Certainly the plaintiff has no right not to be sued for breach of contract. Certainly the plaintiff has no right to refuse to pay if it has breached the contract.

What the plaintiff seeks is a decision now of a simple issue of fact (Did the insured die from accident?), and based thereon a declaratory judgment that the plaintiff is not liable or that the plaintiff is liable to the defendant.

But the declaration the act provides for is only a declaration that the petitioner has or has not some right. Certainly a declaration that the plaintiff is liable to the defendant is not a declaration of a right the plaintiff has or had. Equally certainly (if not quite so obviously) a declaration that the plaintiff is not liable to the defendant is not a declaration of a right the plaintiff has or had. While an immunity may be a right, if it is bestowed affirmatively by law, there is no law which gives to any person an immunity from claims or suits by other private persons[2] even if unfounded until an immunity is created by a court judgment or decree. The legal "rights" referred to in the act are rights bestowed by law (outside the act). An immunity (such as plaintiff seeks to have declared) is not among these "rights."

3. I have searched the digests, the encyclopedias and the text-books discussing the subject of declaratory judgments and I have found no American precedent supporting the theory of the petition here. Counsel has cited none. The explanation

is not difficult. What is sought here is wholly outside the scope and purpose of the reform embodied in the various declaratory judgments acts. Those acts were intended to remove certain well-recognized evils resulting from the inadequacy in many cases of existing remedies at law and in equity. They were not intended to revolutionize procedure in ordinary cases upon contracts where existing remedies are fully adequate.

The demurrer is sustained. It is so ordered.

---

[2] An immunity from unfounded claims or suits by individuals is quite distinguishable from an immunity or right to be free from unlawful tax claims by a state such as was involved in Nashville, etc., R. Co. v. Wallace, 288 U.S. 249, 53

S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191, referred to in this opinion. The latter immunity is affirmatively conferred upon the citizen as a right by the due process clause of the Fourteenth Amendment.