460

## MARYLAND CASUALTY CO. v. HAVENS.
### No. 4164.

District Court, M. D. Pennsylvania.
Sept. 7, 1938.

John E. Cupp, of Williamsport, Pa., for petitioner.

Lilley & Wilson and Jos. W. Beaman, all of Towanda, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for declaratory judgment under Section 274d of the Judicial Code, 28 U.S.C.A. § 400. The Respondent has moved for a more specific statement of plaintiff's cause of action and this motion together with the rule granted thereon are now before the Court for disposition.

The petition was filed on February 17, 1938. It sets forth the usual averments as to jurisdiction based on diversity of citizenship and alleges that there is an actual controversy between the parties involving $15,008. It is then alleged that on January 1, 1933, the petitioner issued a policy of liability insurance to C. W. Strayer, a contractor who was engaged in building a bridge at Jersey Shore, Pennsylvania. This policy was issued to protect Strayer against liability imposed by law for damages on account of the injury or death of any person or persons while at or about the bridge in question. It is alleged that by its terms this policy was terminated at 12:01 A. M., Eastern Standard Time, January 1, 1934.

The petition then alleges that on December 3, 1936, a judgment was obtained by Edna M. Havens, the Respondent, in the Court of Common Pleas of Lycoming County, Pennsylvania, against Strayer in the amount of $15,008. This judgment arose out of an action brought by the Respondent for damages resulting from the death of her husband who was killed when the bridge which Strayer was building collapsed. It is alleged that Respondent's husband was killed about 3 o'clock, P. M., January 1, 1934.

Petitioner incorporates the policy into his petition by reference and alleges that the Respondent is threatening to institute an action to recover from the petitioner the amount of the judgment. Petitioner further alleges that the policy expired before Respondent's husband was killed and asks for a declaratory judgment to the effect that petitioner is not liable under the policy.

In support of the motion for a more specific statement, Respondent alleges that the petition (1) does not show the authority under which the Maryland Casualty Company did business in Pennsylvania; (2) that the petitioner does not show an agreement between C. W. Strayer and the petitioner automatically to renew the policy in question from year to year; (3) that

the petition does not show any reason why petitioner did not have knowledge of its written contract; and (4) that the petition does not show that the assured was bankrupt at the time of the accident.

■ The right of an insurer to be immune from claims under a policy of insurance is a "right" which the insurer may have declared under the Declaratory Judgment Act, provided a valid "controversy" exists as to the insured's liability. Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F. 2d 261; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

■ Under the above decisions, the petition alleges sufficient facts to establish a prima facie case for relief by declaratory judgment. The facts which Respondent refers to in the petition for a more specific statement of the action all by inference relate to the merits of the case and are all matters which should be set up affirmatively in an answer on the merits. If these allegations are set up affirmatively in an answer on the merits, any issues of fact may then be submitted to a jury under sub-section (3) of the Act, 28 U.S.C.A. § 400(3).

And now, this 7th day of September, 1938, the petition for a more specific statement and for additional facts is dismissed and the rule granted thereon is discharged. Petitioner is allowed fifteen days from the date of this order to file an answer on the merits.