## PANAY HORIZONTAL SHOW JAR CO. v. ARIDOR CO.

(Circuit Court of Appeals, Seventh Circuit. June 9, 1923. Rehearing Denied September 18, 1923.)

No. 3161.

1. Patents ⬅➡328—1,228,473, for transparent show jars, held invalid.

The Panay patent, No. 1,228,473, for transparent show jars, consisting of combination with metallic member, affixed to front open end of the jar, of pair of vertical legs adapted to support the front end on higher plane than the rear end, held invalid, in view of prior art.

2. Patents ⬅➡18—Attachment to display jar of legs to elevate one end not invention.

Attachment to transparent jar for display of candies of legs for elevation of front end of the jar involved no invention.

3. Patents ⬅➡283(1)—Complainant held not to come into court with clean hands.

Owner of patent, which, before it had been sustained by any court, advertised extensively that its device was fully protected by patents, and it intended to protect its rights against infringement, and had begun suit in specified court against named company, and that jobbers and dealers were equally liable, and accompanied its advertisement with picture of its device, which was not an embodiment of the patent, held not to come into court with clean hands.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Panay Horizontal Show Jar Company against the Aridor Company. From a decree for defendant, plaintiff appeals. Affirmed.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Richard B. Cavanagh, of Washington, D. C., for appellant.
Laurence A. Janney, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. [1, 2] The patent in suit, No. 1,228,473, issued June 5, 1917, covers a transparent show jar for displaying candies. It is one of several issued to the same patentee, Karl Panay. The claim in question reads:

"2. In a device of the described class, the combination, with a metallic member affixed to the front open end of a horizontal jar, of a pair of vertical legs formed integral with said metallic member and adapted to support the front end of said jar upon a higher plane than the rear end."

Were there no prior art disclosed, it would be extremely difficult to sustain a patent such as is represented by this claim. But all doubt is removed when we examine two patents, No. 722,745, covering "a show case for confections," and No. 796,752, covering "a transparent show jar," issued to the same patentee, the drawings of which disclosed horizontal glass jars of the type described in this patent, and differing only in the absence of the "vertical legs adapted to support the front end of the jar upon a higher plane than the rear end." Such an elevation of the front end of the jar is suggested, if not disclosed, by the drawings of these previous patents, and furthermore we have no hesitancy in finding that this advance did not spell invention.

[3] It is also apparent that appellant has been guilty of improper and unfair practices, which would preclude it from recovering in this suit, even though the patent was sustained. It put out and extensively advertised what it called an "infringement notice," under which, in large letters, was printed the word "warning." Although no court had sustained its patent, it announced that:

"Our Panay jars and supports are fully protected by patents. We intend to protect our patent rights against all infringement. We have recently begun suit for infringement in the District Court of the United States, Northern District of Illinois, against the Aridor Company, an Illinois corporation. Jobbers and dealers are warned that they are equally liable with the manufacturer for damages sustained by us and for profits realized by them through the use of the infringing devices."

There was pictured beneath this notice what was described as "the only and original Panay horizontal show jar." It was not an embodiment of the patent, and the notice as well as the drawing could have served no other purpose than to intimidate competitors and frighten jobbers and users by the publication of assertions which were false in part and misleading as to the remainder. The practice of trying suits in newspapers or circulars, in order to scare or daunt competitors, is pernicious and apparently growing. While courts are always open to protect patentees or manufacturers who have established a business which is being unfairly assailed, they cannot permit or sanction the use of the court's name, in advance of adjudication (or falsely after adjudication), to harass or obstruct a rival. A patentee who resorts to such practices comes into court with unclean hands, and on that ground alone will be denied the relief to which he otherwise might be entitled.

The decree is affirmed.