## NEW DISCOVERIES, Inc., v. WISCONSIN ALUMNI RESEARCH FOUNDATION.
### No. 71.

District Court, W. D. Wisconsin.
Jan. 28, 1936.

Wilhartz, Hirsch & Schanfarber, of Chicago, Ill., and Geo. Ettenheim and Leslie G. Keller, both of Milwaukee, Wis., for plaintiff.

George I. Haight and Ward Ross, both of Chicago, Ill., for defendant.

STONE, District Judge.

This is a suit in equity brought by New Discoveries, Inc., against the Wisconsin Alumni Research Foundation. The complaint, after the formal allegations as to the residence· and incorporation of the parties, alleges that the plaintiff and the defendant are the owners of patents relating to the process of producing Vitamin D; that the plaintiff is now engaged in the business of selling and merchandising licenses for the manufacture and use of its process for the production of Vitamin D under its patents, and that the defendant has contended, and does now contend that the use of the processes as defined in plaintiff's patents constitutes an infringement upon the rights of the defendant by reason of its ownership in its two patents; that the defendant has continually stated, and does now state to the plaintiff and other persons that if any of the processes described in plaintiff's patents were used by plaintiff or its licensees, they would infringe upon defendant's patents; that the defendant has stated, orally and by letter, to various persons who had become licensees of the plaintiff, that in the event that such persons used the processes claimed and described in plaintiff's patents, they would be liable for damages to defendant for infringement of its patents; and that proceedings would be taken against them. The complaint alleges on information and belief that defendant has not at any time intended and does not now intend to prosecute any proceedings involving the validity of its patents involved herein on the questions of infringement, to final decree and adjudication. It is alleged that as a result of the acts of the defendant, plaintiff has suffered irreparable damage in that it has been unable to obtain profits which would accrue to it if it were able to sell or merchandise licenses under its patents; that the benefits of Vitamin D are now widely known, and

598

that many persons throughout the entire country have told plaintiff that they desire to purchase licenses from plaintiff, but that they will not do so because of threats of suit for infringement made by defendant; and that unless plaintiff will be free to sell and merchandise its licenses, unhindered by defendant's threats, it will suffer great and irreparable damages.

The complaint alleges the general invalidity of defendant's patents: First, because the processes set forth were neither new nor original; secondly, because the disclosures made in the patent were incomplete and not definite; and, third, because the patents involved principles that were purely scientific and not the proper subject-matter for a patent.

The prayer of the complaint is that the court declare the rights of the plaintiff and the defendant herein, and their legal relations in connection with the subject-matter of the controversy as between plaintiff and defendant; that defendant's two patents be declared invalid by the court; and that the defendant be restrained from in any way interfering with the plaintiff's right to sell and merchandise licenses for the manufacture and use of the process of producing Vitamin D by sunlight or ultra-violet rays, from publishing, informing, or claiming that the plaintiff, by selling and merchandising licenses for the use of said processes, is in any way infringing on defendant's patents, and from interfering with any proposed licensees of the plaintiff.

Defendant's motion to dismiss the bill states in detail the grounds for dismissal. Generally speaking, these grounds group themselves into the following classifications:

(1) Insufficiency and want of equity as a result of numerous defects appearing on the face of the complaint, and failure of the complaint to state a cause of action in equity, disregarding the federal declaratory judgment statute.

(2) Failure of the bill of complaint to state a cause of action within the federal declaratory judgment statute.

(3) Unconstitutionality of the federal declaratory judgment statute if it creates a cause of action upon the facts stated in the bill of complaint.

■ The bill of complaint fails to allege any infringement of plaintiff's patents by the defendant. It does not state a cause of action of unfair competition. There is no allegation that the parties are in competition in business, or that the patents are being used by either of the parties. Inasmuch as the parties are not competing with one another, there can be no unfair competition.

The allegation of the complaint is insufficient to charge the defendant with malice or bad faith in the alleged threats made to commence prosecution for infringement of its patents.

Does the bill of complaint state a cause of action within the federal declaratory judgment statute? The statute provides, in part:

"(1) In case of actual controversy the courts of the United States shall have power, upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such." Jud.Code, § 274d, 28 U.S.C.A. § 400 and note.

■ It is necessary, at the outset, to determine if the complaint alleges that there is an actual controversy existing between the parties. The insertion of the word "actual" in the statute means that the court is to deal with realities, and not with an imaginary set of facts. The complaint contains no allegation that plaintiff, or its alleged licensees are in fact using the processes described in the plaintiff's patents. There is no allegation that any one is infringing defendant's patents. It follows that there is no one now in existence whom defendant could prosecute an infringement action against. In the absence of infringement actually existing, there can be no actual controversy between the parties. The dispute between the parties, if any, is purely academic, and based upon a purely hypothetical statement of facts that are contingent, uncertain, and may never exist.

■ The fact that defendant may have notified plaintiff or others that the use of plaintiff's processes would constitute an infringement of defendant's patents does not give rise to an actual controversy. Notice to a competitor that he is infringing is the usual and ordinary procedure followed by patentees, and is not to be-

599

condemned when characterized by good faith. Oil Conservation Engineering Company v. Brooks Engineering Company (C.C.A.) 52 F.(2d) 783.

■ What the plaintiff seeks in this action is to have the court declare that the plaintiff and its licensees would have a good defense if and when the defendant commenced an infringement action against it, which defendant may or may not do. It inquires what the court's judgment would be if it used or permitted others to use the processes described in its patents. The court should not be asked to decide moot cases, give legal advice, or render an advisory opinion. The declaratory judgment statute was not enacted for that purpose.

■ Actions for declaratory judgments are in the nature of a summary action, and are ordinarily limited to cases where facts are simple or stipulated; to settle disputes relating to the interpretation of statutes and construction of wills and contracts. The question of how plaintiff or its licensees might use the processes described in its patents, without infringement of defendant's patents, would involve the determination of the validity of four patents; the complicated questions of the interpretations of the specifications of each patent, and the scope of the claims. This could be determined only after a lengthy trial involving large expenditures for the fees of expert witnesses and counsel. This expense (estimated by defendant's counsel at approximately $40,000) should not be inflicted upon the defendant when, as in this case, the complaint fails to reveal the existence of an actual controversy between the parties. The mere fact that the plaintiff expects the defendant to bring an infringement action against it or its licensees does not entitle the plaintiff to maintain its present action to have declared that defendant has not a good cause of action against plaintiff or its licensees. The complaint reveals no actual controversy ripe for adjudication.

■ The statute provides that the court "shall have power * * * to declare rights and other legal relations of any interested party." Applying this statute to particular facts is within the discretion of the court. This clearly appears to be a case in which that discretion should be exercised favorably to the defendant. The Supreme Court of Wisconsin has, in several recent decisions involving the state declaratory judgment statute, denied the petitions of the plaintiffs, and has held: "The court ordinarily will not decide as to future or contingent rights, but will wait until the event giving rise to rights has happened, or, in other words, until rights have become fixed under an existing state of facts." State ex rel. Philip La Follette et al. v. Dammann (Wis.) 264 N.W. 627, 629, decided January 7, 1936; Miller v. Currie, 208 Wis. 199, 242 N.W. 570; Reibs Co. v. Mortenson et al. (Wis.) 263 N.W. 169, decided November 5, 1935.

■ The court finds that the complaint does not state facts sufficient to constitute a cause of action that would warrant the rendering of a declaratory judgment herein.

It is ordered and decreed, that defendant's motion to dismiss plaintiff's bill of complaint be and it is hereby granted, without costs.

Plaintiff may have an exception.

Since this opinion was announced and on February 17, 1936, the decision of the United States Supreme Court in the case of George Ashwander et al., Petitioners, v. Tennessee Valley Authority et al., 296 U.S. —, 56 S.Ct. 466, 473, 80 L.Ed. —, commonly referred to as the "T. V. A. Case," was published. In that opinion the court said: "The Act of June 14, 1934 [48 Stat. 955, 28 U.S.C.A. § 400], providing for declaratory judgments, does not attempt to change the essential requisites for the exercise of judicial power. By its terms, it applies to 'cases of actual controversy,' a phrase which must be taken to connote a controversy of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts. See Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace," 288 U.S. 249, 262, 264, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191.