**TREEMOND CO. v. SCHERING CORPORATION.**

No. 273.

District Court, D. New Jersey.

Nov. 12, 1940.

E. Francis Wentworth, Jr., of Newark, N. J. (Harry Price, of New York City, of counsel), for plaintiff.

Harry B. Rook, of Newark, N. J. (Briesen & Schrenk, of New York City, of counsel), for defendant.

**476**

FORMAN, District Judge.

Plaintiff alleges that it imports, has in its possession, and offers for sale a certain chemical known under the names "Estradiol", dihydrofollicle hormone, dihydroxyestrin, dihydrofolliculin or dihydrotheelin. Upon learning of this plaintiff declares that defendant caused its agents to inform customers of plaintiff and published statements to the effect that Estradiol was covered by a patent owned by defendant and that it alone had a right to manufacture it. Plaintiff advertised the sale of Estradiol in the Drug Trade News, a trade journal, on March 14, 28 and April 11, 1938, whereupon the defendant in the same journal caused the following advertisement to be published on March 28, 1938:

"To Purchasers
of
Estradiol
Notice By
Schering Corporation

"United States Letters Patent No. 2,096,-744 for Hydrogenation Products of Follicle Hormones and Method of Producing Same, has been issued to us.

"Notice is hereby given to manufacturers and importers that our patent covers the product known as

"Estradiol

"Estradiol is also known as dihydroxyestrin, dihydrofolliculin or dihydrotheelin. Our patent also covers the process of making the same.

"All uses of this material, without our consent, including medicinal, pharmaceutical and cosmetic, are a violation of our giths [grants] under this patent.

"We are giving this notice to the trade so that there may be no misunderstanding or doubt as to the exclusiveness of our rights in the United States to the product Estradiol (also known as dihydroxyestrin, dihydrofolliculin or dihydrotheelin).

"Schering Corporation
"Bloomfield          New Jersey"

It is alleged that defendant's patent is invalid, and, hence, its claims are not in accordance with the facts and were made with intent to mislead customers of plaintiff.

Finally, plaintiff "avers that it has not, at any time, infringed or threatened to infringe any valid rights Defendant may have by virtue of the Letters Patent in suit and has not caused Defendant any damage or injury whatsoever, whereas Defendant, on the other hand, has been engaged in unfair competitive activities as against Plaintiff for reasons set forth above *and has sought by fraudulent, false, oral and written misrepresentations to the public and to customers and prospective customers of Plaintiff and by unfair means and/or by unfairly or falsely threatening such parties by patent infringement or litigation as set forth above* to divert business from Plaintiff". (Italics supplied.)

By way of relief plaintiff asks for an injunction, an accounting, and a declaratory judgment holding the patent invalid, etc.

Defendant moved to dismiss the complaint on the ground that it failed to state a claim against it for which relief could be granted.

Plaintiff contends that if the complaint does not present an "actual controversy" entitling it to a declaratory judgment, it does present a cause of action for unfair competition.

Defendant's representative filed an affidavit as a basis for its motion in which it admitted that it advertised as alleged in the complaint on March 28, 1938, that it requested plaintiff's counsel to supply it, either by gift or by sale, with a test sample of the product in which plaintiff claimed to be interested, but plaintiff failed to comply with the request. Defendant's representative further avers that in the absence of some actual use or sale on the part of plaintiff it has no cause of action against it and has never asserted one.

Nothing occurred after defendant's advertisement until about a year later when the complaint herein was filed on April 17, 1939.

At the outset, we see no impingement upon plaintiff in the notice published by defendant in *Drug Trade News* which can give rise to a cause of action. Indeed, this is no more than the usual notice incidental to the alleged ownership of a patent, and there is no limitation upon a patentee in this respect so long as he stays within the confines of good faith. New Discoveries, Inc. v. Wisconsin Alumni Foundation, D.C., 13 F.Supp. 596; Virtue v. Creamery Package Co., 8 Cir., 179 F. 115, affirmed, 227 U.S. 8, 33 S.Ct. 202, 57 L.Ed. 393; Kelley v. Ypsilanti Co., C.C., 44 F. 19, 10 L.R.A. 686.

We do not think plaintiff is entitled to a declaratory judgment. It has not al-

leged it infringed defendant's patent, but on the contrary it alleges it does not infringe. In the absence of infringement actually existing, there can be no actual controversy between the parties. New Discoveries, Inc. v. Wisconsin Alumni Foundation, supra. Furthermore, plaintiff has not alleged that defendant has given it notice of claimed infringement. Plaintiff only alleges that these notices were sent to its customers. For such reasons the complaint in the case of Bettis v. Patterson-Ballagh Corp., D.C., 16 F.Supp. 455, was dismissed. See R. W. Eldridge Co. v. Southern Handkerchief Mfg. Co., D.C., 23 F.Supp. 179. Plaintiff contends that the cases of Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779, and Automotive Equipment, Inc. v. Trico Products Corp., D.C., 11 F.Supp. 292, are not consistent with the conclusions in those cases, but we do not find them so. In the former case, notice of claimed infringement was given to both plaintiff and its customers. The court in the latter case dismissed the petition without comment in this connection.

In short there has been demonstrated that plaintiff merely apprehended that there would be a controversy between it and defendant. It is not sufficient that a dispute took place between the parties when defendant's allegedly offensive advertisement was published a year prior to the commencement of this action. In order to support a suit for a declaratory judgment it must be alleged that there exists an actual, justiciable controversy. 28 U.S.C.A. § 400, New Discoveries v. Wisconsin Alumni Research Foundation, supra.

We also conclude that the plaintiff has failed to show a case of unfair competition. It is essential that there should be an allegation that defendant's notices to the trade were inspired by and executed with bad faith and malice. R. W. Eldridge Co. v. Southern Handkerchief Mfg. Co., supra; New Discoveries v. Wisconsin Alumni Foundation, supra; Kelley v. Ypsilanti Co., supra; Virtue v. Creamery Package Co., supra; Zenies Bros. v. Miskend, supra; Sun-Maid Growers v. Avis, D.C., 25 F.2d 303, Black v. Judelsohn, 251 App.Div. 559, 296 N.Y.S. 860. Plaintiff's claim for relief in this respect is grounded upon the italicized provisions of the complaint, quoted above, as these are the only allegations setting forth bad faith. These allegations are ambiguous. We are unable to conclude therefrom whether a direct charge of fraudulent misrepresentation is made, or whether this charge is made "as set forth above". There is nothing of this character set forth above. The allegations are manifestly inadequate to support the action.

Defendant's motion to dismiss plaintiff's complaint is granted.