**PAINT PRODUCTS CO., Plaintiff,**

v.

**MINWAX CO., INC., et al., Defendants.**

**Civ. No. B–75–183.**

United States District Court,
D. Connecticut.

March 27, 1978.

Alan Neigher, Bridgeport, Conn., for plaintiff.

Paul B. Zolan, Robert L. Hirtle, Jr., Hartford, Conn., for defendants.

## RULING ON MOTION TO AMEND ANSWER

DALY, District Judge.

Plaintiff, Paint Products Company, has brought suit against three defendants alleging violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.* The gravamen of the complaint is that defendants conspired to control the price at which MINWAX products would be sold. The instant motion concerns the propriety of a proposed counterclaim filed by one of the defendants, State-Leed Distributors, Inc. In its counterclaim defendant alleges that plaintiff has used the threat of this litigation and the suit itself in an effort to coerce defendant into selling MINWAX products to plaintiff at discounted rates. Defendant argues that its counterclaim alleges a cause of action for (1) vexatious litigation, (2) interference with economic expectancies, (3) abuse of process, and (4) a violation of

federal antitrust law. After reviewing the authorities cited by both parties, the Court denies defendant's motion to amend its answer on the ground that the counterclaim fails to state a cause of action upon which relief can be granted.

Defendant's counterclaim does not qualify as a claim of vexatious litigation. It has long been the rule in Connecticut that a claim for vexatious litigation will not lie until the vexatious suit has terminated in favor of defendant. *Monroe v. Maples,* 1 Root 553 (1793). This rule obtains regardless of whether the claim derives from a common law theory or from Connecticut's statutory right of action for vexatious litigation, Conn.Gen.Stat. § 52–568. *See Hiers v. Cohen,* 31 Conn.Supp. 305, 329 A.2d 609, 612–13 (1973). Given the requirement that the suit must terminate in favor of the defendant, it is impossible to use vexatious litigation as a counterclaim in the very suit a defendant contends is vexatious.

Defendant also contends that its counterclaim alleges the commission of the tort of interference with economic expectancies. Connecticut courts have recognized the existence of such a tort since the case of *Bulkley v. Storer,* 2 Day 531 (1807). It has long been considered tortious either to induce a breach of contract or to interfere with financial expectancies. Unfortunately, courts have tended to confuse these two types of actions, and there is no clear enumeration of their requisite elements. However, it is well-settled that the tort of interference with contractual relations only lies when a third party adversely affects the contractual relations of two *other* parties. *Hiers v. Cohen,* 31 Conn.Supp. at 312, 329 A.2d at 612–13; *R an W Hat Shop, Inc. v. Sculley,* 98 Conn. 1, 14, 118 A. 55 (1922).

Defendant's counterclaim is deficient in that it merely alleges interference with a possible sales contract between plaintiff and defendant. Moreover, it is equally clear that the tort of interference with financial expectations requires the existence of independent tortious conduct such as fraud, duress, or defamation. *Hiers v. Cohen,* 31 Conn.Supp. at 312, 329 A.2d at 612; *Fidelity & Casualty Ins. Co. v. Sears, Roebuck & Co.,* 124 Conn. 227, 235–36, 199 A. 93 (1938). *But see R an W Hat Shop, Inc. v. Sculley,* 98 Conn. at 13–14, 118 A. at 59 (intentional interference with a known *contractual* right is actionable in and of itself). Defendant's allegations are again wanting in that nowhere are facts constituting an independent tortious act alleged.[1]

Defendant relies heavily on the case of *Sun-Maid Raisin Growers v. Avis,* 25 F.2d 303 (N.D.Ill.1928), to support its contention that its counterclaim states a cause of action for interference with economic expectancies. *Sun-Maid Raisin Growers* involved a defendant's persistent threats to bring a patent infringement suit. After finding that the defendant had no intention of actually filing suit and had only made the threats in an effort to stifle plaintiff's business expansion, the court enjoined defendant from persisting in its threats. The principal concern of the court in *Sun-Maid Raisin Growers* was with the coercive impact of defendant's ongoing and indefinite threats to bring suit. *Sun-Maid Raisin Growers v. Avis, supra* at 304. The allegedly coercive behavior of plaintiff in the case at bar is of a different ilk. Even assuming plaintiff's threats were made in bad faith, plaintiff has filed suit and its claim will be resolved in due course. In the instant case

1. Plaintiff argues that defendant's claim of interference with economic expectancies must fail because defendant's damages are too speculative. Plaintiff relies on *Goldman v. Feinberg,* 130 Conn. 671, 675, 37 A.2d 355, 359 (1944), and *Morrell v. Wiley,* 119 Conn. 578, 584, 178 A. 121, 123 (1935), in which the court states that a claimant must be able to demonstrate the existence of damages capable of estimation with reasonable certainty. Although neither party brought it to the Court's atten-

tion, it would seem that this argument has been restricted by the recent decision in *Harry A. Finman & Son, Inc. v. Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 415, 363 A.2d 86, 91 (1975) in which the Connecticut Supreme Court held that the question of whether damages are capable of estimation with reasonable certainty is a question for the jury. Therefore, the speculative nature of damages is not a grounds for a motion to dismiss.

defendant is not faced with the uncertainty of operating a business in the shadow of a threatened lawsuit. In fact, here there are no longer any threats to enjoin. It should be noted in passing that a business ought not to be remediless against coercive threats of litigation made for an ulterior motive. To that end the right to an injunction, at least in cases involving threatened patent infringement suits, has been recognized. *See Flynn & Emrich Co. v. Federal Trade Commission,* 52 F.2d 836, 838, (4th Cir. 1931); *Artloom Corp. v. National Business Bureau, Inc.,* 48 F.2d 897, 898 (S.D.N.Y.1931). However, once a plaintiff makes good on his threat by filing suit, defendant must look to the tort of vexatious litigation for redress.

Defendant further argues that its counterclaim states a cause of action based on abuse of process. Abuse of process is "the misuse of process regularly issued to accomplish an unlawful ulterior purpose." *Schaefer v. O.K. Tool Co.,* 110 Conn. 528, 532, 148 A. 330, 332 (1930); D. Wright and J. FitzGerald, *Connecticut Law of Torts,* § 163 (2d ed. 1968). The court in *Schaefer* distinguished abuse of process from malicious prosecution and vexatious litigation on the grounds that abuse of process involves the misuse of process issued in the course of judicial proceedings rather than the improper commencement of legal proceedings. *Schaefer v. O.K. Tool Co., supra* at 532, 148 A.2d 330; *McGann v. Allen,* 105 Conn. 177, 188–89, 134 A. 810 (1926). Defendant's counterclaim does not allege that legal process has been misused during the course of litigation, therefore the counterclaim cannot be said to state a cause of action for abuse of process.

Finally, defendant argues, somewhat imaginatively, that its counterclaim states a cause of action under the federal antitrust laws, 15 U.S.C. §§ 13, 15. It is defendant's contention that a cause of action derives from the fact that plaintiff attempted to coerce it into selling MIN-WAX at discounted rates in violation of 15 U.S.C. § 13(a). This section of the Clayton Antitrust Act prohibits unwarranted dis-

criminatory pricing. Even assuming for the sake of argument that 15 U.S.C. § 15 permits a corporation that has violated the antitrust laws to sue another corporation for coercing it into committing the violation, there remains a fatal flaw in defendant's claim. The counterclaim merely alleges that plaintiff *attempted* to purchase from defendant at reduced prices and not that defendant actually sold at such prices. Without allegations and proof that defendant did in fact engage in sales in contravention of 15 U.S.C. § 13(a), defendant's claim must fail.

In light of the conclusion that the counterclaim fails to state a cause of action, the Court need not address the question whether Rule 13(f) of the Federal Rules of Civil Procedure permits the requested amendment.

The motion to amend the answer is DENIED.