**ALLIS–CHALMERS CORPORATION,**
Plaintiff-Appellant,

v.

**Harvey L. ARNOLD, Jr., District Engineer of United States Corps of Engineers, Defendant-Appellee,**

v.

**SULZER BROS., INC.,**
Defendant-Intervenor-Appellee.

No. 78–1895.

United States Court of Appeals,
Ninth Circuit.

May 19, 1980.

Ernest Bonyhadi, Portland, Or., Loren K. Olson, Washington, D. C., for plaintiff-appellant.

Jack G. Collins, Asst. U. S. Atty., Portland, Or., for defendant-appellee.

Before SKELTON,* Senior Judge, Court of Claims and FARRIS and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

This suit was brought by Allis–Chalmers, a Delaware corporation, to prevent the Army Corps of Engineers from awarding a contract to a Swiss firm, Sulzer Bros., Inc., to supply the Bonneville Dam with two fishwater turbines. In its amended complaint in district court, the appellant challenged the lawfulness of the Corps' proposed action and sought an injunction and "such further relief as may be just and proper." The district court denied the injunction and subsequently dismissed the complaint. We find that subsequent events have rendered the appeal moot and we therefore affirm the trial court's order.

There is no need here for an elaborate recitation of the facts. In brief, the appellant sought an injunction to block the Army Corps of Engineers from granting a contract to a Swiss firm absent a valid waiver of the requirements of the Buy American Act, 41 U.S.C. § 10(a), et seq. *See* Defense Acquisition Regulations, 32 C.F.R. § 6–104.-4(b). Appellees claim that the contract was let pursuant to a "Memorandum of Understanding" (MOU) between the Secretary of Defense and the Swiss Government by which Swiss purchases of $447,000,000 worth of F–5 military aircraft were to offset "to the maximum extent possible" by the placement of defense contracts with Swiss firms. Appellant maintains that the trial court should have issued an injunction on the ground that the Buy American Act had not been validly waived because no responsible official had determined in advance of the contract award that application of the Act's requirements to that procurement decision would be inconsistent with the public interest.

Subsequent to the filing of this appeal, the Defense Logistics Agency added "hydraulic turbines," a category which would include appellant's fishwater turbines, to its list of items the Department of Defense (DOD) can no longer purchase from foreign companies under MOU's. Allis–Chalmers will thus face no competition in the future from foreign companies for DOD contracts to supply fishwater turbines. Moreover, the contract at issue in this case has been substantially completed and the two turbines have been delivered and put into operation. As a result of these events, both sides concede that Allis–Chalmers's request for an injunction to block the award of the contract to a Swiss company has been rendered moot.

Appellant asserts, however, that this court is still presented with a live controversy. At oral argument, appellant requested declaratory judgments on the following two issues: (1) whether the Secretary of Defense validly waived the applicable provisions of the Buy American Act, and (2) whether the Corps was incorrect in its interpretation of the phrase "defense articles and services" in the Swiss MOU to include fishwater turbines. Appellant admits that its amended complaint contained no specific prayer for declaratory relief. Appellant asserts, however, that the relief it now seeks should be deemed to have been properly requested because the amended complaint's caption stated it was a complaint for "Declaratory Judgment and Injunctive Relief," and the complaint's final request was for "such further relief as may be just and proper." There is thus some question as to whether appellant properly

---

* The Honorable Byron G. Skelton, Senior Judge, U. S. Court of Claims, sitting by designation.

laid the basis for a grant of declaratory relief in its pleadings. We find it unnecessary to address this issue, however, since the district court's failure to grant declaratory relief may be affirmed on two other grounds.

First, we apply the doctrine that: "Where more effective relief can be obtained by other proceedings, and consequently a declaratory judgment would not serve a useful purpose, the courts are justified in refusing a declaration." *Zenie Bros. v. Miskend*, 10 F.Supp. 779, 782 (S.D.N.Y. 1937). *See also* Borchard, *Declaratory Judgments* 302, 303 (2d ed. 1941); 6A *Moore's Federal Practice* ¶ 57.08[3] (2d ed. 1979). Appellant has indicated its intention to proceed with a claim for money damages in the Court of Claims. Appellant could not have brought its claim for money damages in the district court because the amount at issue assertedly exceeds $10,000. *See* 28 U.S.C. § 1346(a)(2). In any suit before the Court of Claims, that court would probably face the very same issues as those which appellant seeks to have declared in its favor on this appeal. Suit in the Court of Claims is apparently not yet time barred under the applicable six-year statute of limitations. 28 U.S.C. § 2501. Therefore, it seems appropriate to decline to pass on appellant's claims for declaratory relief on this appeal, since the same issues are bound to arise, in a more concrete setting, upon appellant's suit for money damages in the Court of Claims.

Secondly, in view of DOD's new policy, which has the effect of barring purchases of fishwater turbines from foreign companies under MOU's, the present controversy is now so attenuated and remote as to warrant dismissal pursuant to the court's discretionary authority to grant or withhold declaratory relief. The Court of Appeals for the District of Columbia Circuit recently affirmed a trial court's denial of injunctive and declaratory relief on similar grounds in *Chamber of Commerce v. United States Dep't of Energy*, No. 79–1213 (D.C.Cir. Feb. 28, 1980). In that case, the Chamber of Commerce sought to block the Department of Energy (DOE) from utilizing and funding a

consumer organization as intervenor in evidentiary hearings aimed at determining whether to impose price controls on home heating oil. While the suit was pending, the hearing was completed, the appropriate DOE office issued its report, and the consumer organization was paid. Subsequent to the district court's dismissal of the case as moot, Congress imposed a moratorium on intervenor funding in certain DOE appropriations, and DOE stayed further rulemaking proceedings aimed at formalizing intervenor funding, pending receipt of congressional approval for such a program. The Court of Appeals, without reaching the question whether the case had become so moot that dismissal was constitutionally required, upheld the trial court's dismissal of the action pursuant to the court's discretionary authority to grant or withhold declaratory relief. The court based its decision on two Supreme Court opinions which contain language that seems equally applicable to this case.

In *United States v. W. T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), interlocking corporate directorates, which were the basis of a government antitrust suit, were eliminated before trial when certain board members resigned. The Court therefore found that the district court had not abused its discretion in denying injunctive relief on grounds of mootness. The Court explained that, although a court's power to grant injunctive relief survives the discontinuance of the illegal conduct,

the moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.

345 U.S. at 635–36, 73 S.Ct. at 898.

In *A. L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961), where plaintiff sought a declaratory judgment rather than an injunction, the Supreme Court stated that

sound discretion withholds the remedy [of declaratory relief] where it appears that

a challenged "continuing practice" [of an administrative agency] is, at the moment adjudication is sought, undergoing significant modification so that its ultimate form cannot be confidently predicted.

368 U.S. at 331, 82 S.Ct. at 342.

Here, as in the above cases, the federal agency conduct that prompted the suit, MOU purchases of hydraulic turbines from foreign companies, has been brought to an end. For this reason, and because appellants will have a chance to present its arguments in a more concrete setting in the Court of Claims, we deem it appropriate to affirm the district court's denial of declaratory relief.

The parties having already conceded that the request for injunctive relief is moot, the judgment of the district court is

*Affirmed.*