IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 6, 2019 Session

## MILCROFTON UTILITY DISTRICT OF WILLIAMSON COUNTY, TENNESSEE v. NON POTABLE WELL WATER, INC. ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 18-455-IV          Russell T. Perkins, Chancellor**

_____

**No. M2018-01431-COA-R3-CV**

_____

Appellant, a public utility, appeals the Davidson County Chancery Court's dismissal of its complaint for declaratory judgment and injunctive relief for lack of subject matter jurisdiction. Appellant argues that it has an exclusive right to provide water service under Tennessee Code Annotated section 7-82-301 and that Appellee is usurping its exclusive right by providing water to residents of a subdivision within Appellant's service area. Because the gravamen of Appellant's complaint is to maintain its exclusive franchise by the grant of injunctive relief prohibiting Appellee from providing water service, the case does not fall within the purview of Tennessee Code Annotated section 4-5-225. As such, we affirm the trial court's conclusion that it does not have subject matter jurisdiction over the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., joined. J. STEVEN STAFFORD, P.J., W.S., filed a separate concurring and dissenting opinion.

Michael J. Wall, Benjamin A. Gastel, and Daniel Patrick Hull, Nashville, Tennessee, for the appellant, Milcrofton Utility District of Williamson County, Tennessee.

Phillip B. Jones, Nashville, Tennessee, for the appellees, Non Potable Well Water, Inc., and John Powell.

Ryan L. McGehee, and Kelly Cashman Grams, Nashville, Tennessee, for the appellee, Tennessee Public Utility Commission.

## OPINION

## I. Background

Appellant Milcrofton Utility District of Williamson Co. ("Milcrofton") is a water utility district created under the Utility District Law of 1937, Tennessee Code Annotated section 7-82-101, *et seq*. As such, Milcrofton is a municipality or public corporation. The Tennessee Public Utility Commission (the "TPUC") is the state agency that regulates privately-owned utility providers. As a public utility district, Milcrofton owns and operates a public water system in Williamson County. Milcrofton has the exclusive right to provide water service within its chartered boundaries and can also provide water service outside its boundaries. Tenn. Code Ann. § 7-82-301, *infra*.

John Powell is the developer of a residential subdivision called King's Chapel Subdivision ("King's Chapel"). King's Chapel was initially located within Milcrofton's chartered boundaries, but later Mr. Powell expanded the subdivision into the Nolensville/College Grove Utility District of Williamson County. In 2008, the two utility districts entered into a Service Area Agreement, under which Milcrofton obtained the exclusive right to serve all of King's Chapel.

In 2015, Mr. Powell asked Milcrofton to build water lines from a well in King's Chapel to distribute water to lot owners for irrigation. Milcrofton denied the request, and Mr. Powell proceeded to provide the irrigation to owners by using Non Potable Well Water, Inc. ("Non Potable," and together with Mr. Powell and the TPUC, "Appellees"). Non Potable charges King's Chapel residents a fee to connect to its system.

Milcrofton initially filed suit with the TPUC. Milcrofton asked the TPUC to declare Non Potable a "public utility" under Tennessee Code Annotated section 65-4-101(6) ("'Public utility' means every individual, copartnership, association, corporation, or joint stock company . . . that own, operate, manage or control, within the state, any . . . water . . . services . . . affected by and dedicated to the public use . . . ."). Such designation would require Non Potable to obtain a certificate of public convenience ("CPC") under Tennessee Code Annotated section 65-4-201(a) ("No public utility shall establish or begin the construction of, or operate any line, plant, or system, or route in or into a municipality or other territory already receiving a like service from another public utility, or establish service therein, without first having obtained from the commission, after written application and hearing, a certificate that the present or future public convenience and necessity require or will require such construction, establishment, and operation."). It is undisputed that Non Potable did not obtain a CPC before commencing its services to King's Chapel residents. Therefore, Milcrofton asked the TPUC to take action to stop Non Potable from providing water to King's Chapel. By order of October 6, 2017, the TPUC dismissed Milcrofton's complaint on the ground that the TPUC lacked the authority to grant CPCs or to eject a competitor from Milcrofton's exclusive service

area. Tenn. Code Ann. § 7-82-104(a) ("Neither the Tennessee public utility commission nor any other board or commission of like character . . . shall have jurisdiction over the district in the management and control of any system . . . except to the extent provided by this chapter.").

Milcrofton did seek judicial review of the TPUC's ruling within 60 days as required under Tennessee Code Annotated section 4-5-322. Instead, seven months later, on April 23, 2018, Milcrofton filed a complaint in the Davidson County Chancery Court alleging that Non Potable was illegally competing with Milcrofton by serving water to customers within Milcrofton exclusive service area. Milcrofton sought, *inter alia*, a declaratory judgment that Non Potable may not provide water service anywhere in Milcrofton's service area. Milcrofton alleged that Davidson County had subject matter jurisdiction to issue such declaratory judgment under Tennessee Code Annotated section 4-5-225(a), *infra*.

On May 24, 2018, the TPUC filed a motion to dismiss asserting that Davidson County lacked subject matter jurisdiction. Rather, the TPUC asserted that Williamson County had exclusive subject matter jurisdiction . Mr.Powell and Non Potable also filed motions to dismiss asserting lack of jurisdiction. By order of July 13, 2018, the Davidson County Chancery Court granted the Appellees' motions to dismiss on its finding that the Davidson County court lacked subject matter jurisdiction.

## II. Issue

Milcrofton appeals. The sole issue for review is whether the trial court erred in dismissing Appellant's complaint for lack of subject matter jurisdiction.

## III. Standard of Review

This case was decided on grant of Appellees' motions to dismiss. The resolution of a Tennessee Rule of Civil Procedure 12.02 motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp*., 308 S.W.3d 843, 851 (Tenn. 2010); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc*., 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co*., 172 S.W.3d 512, 516 (Tenn. 2005)).

In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp*., 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau-Med*., 71 S.W.3d at 696). A trial court should grant a motion to dismiss

"only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo with no presumption that the trial court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 429 (Tenn. 2011).

## IV. Analysis

As discussed above, by its complaint, Milcrofton sought a declaratory judgment, by the Davidson County Chancery Court, that Mr. Powell and Non Potable "may not provide water service to customers in King's Chapel Subdivision or anywhere else in Milcrofton's exclusive service area." As grounds for such declaratory judgment, Milcrofton's complaint averred, in relevant part:

29. Milcrofton has petitioned the TPUC for a declaratory order . . . but the TPUC refuses to issue one.

30. The definition of "public utility" in Tenn. Code Ann. § 65-4-101(6) applies to [Non Potable] and [its] water system in King's Chapel Subdivision. Furthermore, the requirement of a certificate of public convenience and necessity in Tenn. Code Ann. § 65-4-201(a) and other requirements in Title 65, Chapter 4 of the Tennessee Code apply to [Non Potable] and [its] water system in King's Chapel Subdivision.

31. [Mr. Powell and Non Potable's] violation of such requirements along with the TPUC's refusal to enforce such requirements, interferes with Milcrofton's exclusive legal right to serve water to customers in King's Chapel Subdivision.

32. The exception to the TPUC's jurisdiction in Tenn. Code Ann. § 7-82-104(a) did not apply to Milcrofton's petition because Milcrofton was not asking the TPUC to exercise control over Milcrofton in the management and control of its water system. Rather, Milcrofton was asking the TPUC to exercise control over . . . a privately-owned and illegally-operated water system.

33. TPUC's misinterpretation of Tenn. Code Ann. § 7-82-104(a) and refusal to grant Milcrofton's petition interfere with Milcrofton's exclusive legal right to serve water to customers in King's Chapel Subdivision.

34. Pursuant to Tenn. Code Ann. § 4-5-225(a), Milcrofton is entitled to declaratory judgment and ancillary relief from the Court.

Many of the foregoing averments concern the TPUC's refusal to grant Milcrofton's relief. In fact, Milcrofton reiterates the arguments it made in its petition to the TPUC, i.e., that Non Potable meets the definition of a "public utility" and is illegally operating without a CPC. Milcrofton further contends that the TPUC erred in declining to exercise jurisdiction over the case. Specifically, Milcrofton states that "[t]he exception to the TPUC's jurisdiction . . . did not apply to Milcrofton's petition," and "TPUC[] misinterpret[ed] . . . Tenn. Code Ann. § 7-82-104(a) [by] refus[ing] to grant Milcrofton's petition . . . ." These averments are ostensibly an appeal of the TPUC decision.

Tennessee Code Annotated section 4-5-223 of the Uniform Administrative Procedures Act ("UAPA") provides:

> (a) Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency. The agency shall:
>
> (1) Convene a contested case hearing pursuant to this chapter and issue a declaratory order, which shall be subject to review in the chancery court of Davidson County, unless otherwise specifically provided by statute, in the manner provided for the review of decisions in contested cases; or
>
> (2) Refuse to issue a declaratory order, in which event the person petitioning the agency for a declaratory order may apply for a declaratory judgment as provided in § 4-5-225.

The record of the TPUC proceedings is not included in our appellate record. Rather, we have the Appellant's averment, in which Milcrofton avers that,

> [o]n October 6, 2017, TPUC dismissed Milcrofton's petition. The hearing officer did not reach the merits. She reasoned that TPUC did not have jurisdiction, due to Tenn. Code Ann. § 7-8-104(a), and that "Milcrofton should seek a resolution of its complaint elsewhere." The order dismissing Milcrofton's petition is final.

Taking the foregoing averment as true (which we must do under the standard of review for motions to dismiss), the TPUC did not issue a declaratory order, i.e., did not answer the question posed by Milcrofton. Accordingly, we need not determine whether the TPUC "convene[d] a contested case" so as to trigger appellate review "in the chancery court of Davidson County," under Tennessee Code Annotated section 4-5-223(a)(1), *supra*. Rather, it appears that the TPUC simply "refuse[d] to issue a declaratory order," thus triggering review under the mechanism outlined at Tennessee Code Annotated

section 4-5-225. Before we turn to address the requirements of section 4-5-225, concerning the question of whether Milcrofton's filing in the Chancery Court of Davidson County was timely, where the TPUC refuses to convene a contested case, a ten-year statute of limitations applies. *Hughley v. State*, 208 S.W.3d 388, 395 (Tenn. 2006) ("Where an agency declines to convene a contested case hearing in response to a petition for declaratory order made pursuant to Tennessee Code Annotated section 4-5-223 and issues only a letter of denial, a petitioner has ten years in which to file a suit for declaratory judgment pursuant to Tennessee Code Annotated section 4-5-225."). Therefore, taking the averments in Milcrofton's complaint as true, we conclude that the filing in Davidson County Chancery Court was not untimely. However, this conclusion does not, *ipso facto*, mean that Davidson County had subject matter jurisdiction to issue the requested declaratory ruling that Non Potable and Mr. Powell "may not provide water service to customers in King's Chapel Subdivision or anywhere else in Milcrofton's exclusive service area."

Subject matter jurisdiction refers to a court's "lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). A court's subject matter jurisdiction is derived—"either explicitly or by necessary implication"—from the state constitution or statute. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007). The existence of subject matter jurisdiction depends on "the nature of the cause of action and the relief sought." *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994). If subject matter jurisdiction is lacking, the court must dismiss the case. *Dishmon v. Shelby State Cmty*. Coll., 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. *Chapman v. DaVita, Inc*., 380 S.W.3d 710, 712–13 (Tenn. 2012).

Milcrofton asserts that Tennessee Code Annotated section 4-5-225(a) vests subject matter over this case in the Davidson County Chancery Court. The statute provides:

> The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

Tenn. Code Ann. § 4-5-225(a).

In dismissing Milcrofton's complaint, the trial court found, in relevant part, that

. . . the complaint does not set forth sufficient grounds for this Court to exercise jurisdiction under § 4-5-225(a). The court concludes, therefore, that subject matter jurisdiction does not exist over this case. This is because the case does not challenge the legal validity or applicability of a statute, rule or Order of an agency that interferes with or impairs the legal rights or privileges of the complainant. Accordingly, the court concludes that the entire case should be DISMISSED.

We agree with the trial court's conclusion. The crux of Milcrofton's complaint, as set out in the introductory paragraph thereof, is that Non Potable and Mr. Powell "are illegally competing with Milcrofton, a public entity, by serving water to customers in Milcrofton's exclusive area." Likewise, the relief sought in the complaint is a declaration that Non Potable is a public utility, which is operating in violation of the statutory requirements concerning CPCs, and an "injunction prohibiting [Non Potable and Mr. Powell] from providing water service to customers in King's Chapel Subdivision or anywhere else in Milcrofton's exclusive service area."

In arguing for subject matter jurisdiction in Davidson County under section 4-5-225(a), Milcrofton's appellate brief contends that the case concerns Non Potable's "threatened application of TPUC statutes—which is to say their ongoing violation of them—impairs Milcrofton's rights." Milcrofton's framing of the case is specious in view of the averments in its complaint. As noted above, Milcrofton's complaint requests a declaration that Non Potable is a public utility operating in violation of the statutory requirement that it obtain a CPC. Even assuming, *arguendo*, that Tennessee Code Annotated section 4-5-225(a) would authorize the Davidson County Chancery Court to make such a determination, Milcrofton's complaint specifically seeks injunctive relief preventing Non Potable from providing water service to King's Chapel. As noted above, a court's subject matter jurisdiction rests on both "the nature of the cause of action **and the relief sought**." *Landers*, 872 S.W.2d, at 675 (emphasis added). As explained by the Tennessee Supreme Court:

> "Declaratory judgments" are so named because they proclaim the rights of the litigants without ordering execution or performance. 26 C.J.S. *Declaratory Judgments* § 1 (2001). Their purpose is to settle important questions of law before the controversy has reached a more critical stage. 26 C.J.S. *Declaratory Judgments* § 3 (2001). The chief function is one of construction. *Hinchman v. City Water Co.*, 167 S.W.2d 986, 992 (Tenn. 1943) (quoting *Newsum v. Interstate Realty Co.*, 278 S.W. 56, 56–57 (Tenn. 1925)). While findings of fact are permitted in a declaratory judgment action, "the settlement of disputed facts at issue between the parties will ordinarily be relegated to the proper jurisdictional forums otherwise provided." *Id.*

*Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837 (Tenn. 2008).

Allowing all reasonable inferences in favor of Milcrofton, the gravamen of its complaint is enforcement of its exclusive rights under Tennessee Code Annotated section 7-82-301(a)(1)(B) ("So long as the district continues to furnish any of the services that it is authorized to furnish in this chapter, it shall be the sole public corporation empowered to furnish such services in the district, and no other person, firm or corporation shall furnish or attempt to furnish any of the services in the area embraced by the district, unless and until it has been established that the public convenience and necessity requires other or additional services."). Tennessee Code Annotated section 4-5-225(a) simply does not grant the Davidson County Chancery Court the authority to arbitrate the exclusive rights of a utility district. As such, we conclude that the Davidson County Chancery Court did not err in dismissing Milcrofton's complaint for lack of subject matter jurisdiction.

We note that the sole question urged on this Court is whether the Davidson County Chancery Court has subject matter jurisdiction under Tennessee Code Annotated section 4-5-225(a). The parties have not asked this Court to issue a holding concerning where jurisdiction lies in this case. Nonetheless, our holding does not preclude Milcrofton from seeking relief in a court, agency, or county of proper jurisdiction.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order dismissing Appellant's complaint. Costs of the appeal are assessed against the Appellant, Milcrofton Utility District of Williamson County, Tennessee, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE